CASE 12—INDICTMENT—DECEMBER 7.

# Smaltz vs. Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT.

"That if the jury shall believe from the evidence that Smaltz, the prisoner, did actually believe, and had reasonable grounds for believing, that, at the time of the shooting, his life was in danger, or that his person was in danger of great bodily harm by the hands of McDonald, and that the same was then imminent, that he had the right to use any means then in his power necessary to avert the impending danger, and that if he shot McDonald then, reasonably feeling that he was so in imminent danger, and that the shooting was necessary to his defense, that he is justifiable in the shooting, the same being self-defense, and they must acquit him." *Held*—The above instruction embodied the law and nothing more or less in constructive effect; and as there was no semblance of evidence which would have authorized the jury to infer that the combat was prearranged or even premeditated by both parties; and, consequently, there was no pretext for finding that it was, in the technical sense, "*a combat by mutual consent*," it was error in the circuit court to add to the above instruction the following words, which were misleading, to-wit: "*Provided they further believe the combat was not by the mutual consent of the parties.*"

JOHN M. HARLAN,                                      For Appellant,

CITED—

2 *Bishop's Crim. Law*, sec. 727 and note 4.

1 *Hawkins' Pleas of the Crown*, p. 97.

18 *B. Mon.*, 53–4; *Meredith vs. Commonwealth.*

*Wheaton's American Law of Homicide*, p. 35.

JOHN RODMAN, Attorney General,             For Appellee,

CITED—

2 *Blackstone*, 199; *Roscoe's Criminal Evidence*, 740.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Convicted of manslaughter and sentenced to the penitentiary for two years, on an indictment charging him with the murder of John McDonald, the appellant, Gabriel Smaltz, seeks a reversal of the judgment of conviction for alleged errors in giving and refusing instructions to the jury on the trial.

Apparently without mutual hostility, both parties, intoxicated with liquor, suddenly meeting on the turnpike near the arsenal, in Frankfort, each armed with a deadly weapon, McDonald charged Smaltz with seducing his daughter, which Smaltz denied, and thereupon an angry altercation and rencounter with their respective arms immediately ensued, in which Smaltz, with a pistol, shot and killed McDonald.

It does not certainly appear who made the first assault. On that question there is a rather vexatious contrariety in the testimony. But there is no semblance of evidence which would have authorized the jury to infer that the combat was prearranged or even premeditated by *both* parties; and, consequently, there was no pretext for finding that it was, in the technical sense, " a combat by mutual consent."

In this state of case, the appellant's counsel asked the following instruction, number three :

" That if the jury shall believe from the evidence that Smaltz, the prisoner, did actually believe, and had reasonable grounds for believing, that, at the time of the shooting, his life was in danger, or that his person was in danger of great bodily harm by the hands of McDonald, and that the same was then imminent, that he had the right to use any means then in his power necessary to avert the impending danger, and that if he shot McDonald then, reasonably feeling that he was so in immi-

VOL. III—3

nent danger, and that the shooting was necessary to his defense, that he is justifiable in the shooting, the same being self-defense, and they must acquit him."

This instruction, however liable to the criticism of pleonasm, clearly embodies the law, and nothing more or less, in constructive effect. The circuit judge, refusing to give it in the form thus proposed, qualified it by adding, " provided they further believe the combat was not by the mutual consent of the parties."

As the accused would have been guilty of felonious homicide of the grade of manslaughter, at least, had the combat been by mutual consent, notwithstanding the truth of the facts assumed in the instruction as offered, consequently, the addition made by the judge would have been proper if there had been any evidence of such a combat. But, as before suggested, there was no such evidence; but, on the contrary, the circumstances, and especially the wrangling conversation immediately preceding the first assault, conduced to negative any deduction of previous intent or consent by both combatants. The court's qualification was, therefore, abstract and improvident. Moreover, it necessarily implied that, in the judge's opinion, there was some evidence of a combat by mutual consent, which was delusive, and, *without any definition by the court of a combat by mutual consent*, was, altogether, misleading, especially on such testimony as the jury heard. Consequently, instruction three, as modified by the circuit judge, must be deemed by this court erroneous and prejudicial to the appellant.

For this error alone we feel constrained to reverse the judgment of conviction, and remand the case for a new trial.

Judgment reversed, and case remanded accordingly.